IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN CARRILLO-REYES,<br><br>               Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CV F 04-6302 AWI<br>(CR F 02-5334 AWI)<br><br>ORDER DISMISSING PETITIONER'S MOTION TO CORRECT, AMEND OR VACATE HIS SENTENCE AND CLOSING THE CASE<br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

In this case, petitioner Carmen Carrillo-Reyes ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 57 months that was imposed by this court on June 2, 2003, following his entry of a plea of guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C., section 1326.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner entered a plea of guilty on June 2, 2003, pursuant to a negotiated plea agreement in which Petitioner admitted that he was not a United States citizen, that he had been deported on or about June 12, 2000, and that he was found in the Eastern District having entered

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

the United States without the permission of the Attorney General of the United States or his successor. A presentence report("PSR"), prepared by the Probation Department, indicated the base offense level was 8. Sixteen points were added pursuant to 2L1.2(b) of the Sentencing Guidelines because the prior deportation was following a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. Three points were subtracted for acceptance of responsibility. The PSR calculated a criminal history category of IV. Pursuant to the 2002 edition of the Sentencing Guidelines, the applicable guideline range for imprisonment in Petitioner's case is 57 to 71 months. Petitioner was sentenced to the low end of that range. Judgment was entered on June 3, 2006.

Petitioner filed a Notice of appeal to the Ninth Circuit Court of Appeal on June 16, 2003. The appeal was voluntarily dismissed on January 21, 2004. The instant motion to vacate, correct or set aside was timely filed on September 24, 2004.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are

insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

Petitioner's motion to vacate, correct or set aside pursuant to section 2255 appears to consist of one or more pre-printed, fill-in-the-blanks documents that argue that Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely V. Washington, 542 U.S. 296 (2004), and their progeny require that any factor that is used to enhance a sentence in excess of the sentence that would be authorized in the absence of the factor must be admitted or proven to a jury beyond a reasonable doubt.  See Blakeley, 542 U.S. at 296 (applying rule in Apprendi to state law determinant sentencing schemes).  The rule set forth in Apprendi provides specifically that *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490 (italics added).

The pleadings in Petitioner's 2255 motion are devoid of any factual allegations or of any argument that would tie the facts of her case to the holdings in any of the cases that were cited in the pleadings.  There is only one factor that was used to enhance Petitioner's sentence beyond the base offense level.  That factor was the allegation that her deportation in 2000 was subsequent to a conviction for a drug trafficking offense that resulted in a sentence greater than 13 months.  The court will therefore assume that the crux of Petitioner's claim is that the enhancing factor was used without having been admitted to or found true by a jury beyond a reasonable doubt in violation of Apprendi and its progeny.

Petitioner's motion pursuant to section 2255 fails for two reasons.  First, the holdings in Blakely and its progeny do not apply retroactively to cases that were final before the decision in Blakely was announced.  The Ninth Circuit, applying the analysis set forth in Teague v. Lane, 489 U.S. 288, 310 (1989), has refused to give retroactive effect of the rule in Blakely to any case that was final before the rule in Blakely was decided; that is, to any case on collateral review.

Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005).  Using the same analysis, the Ninth Circuit has held the rule in Booker does not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).

Where an appeal is filed, the mandate of an appellate court creates a final judgement in a case.  Thornber v. City of Fort Walton Beach, 622 So.2d 570, 572 (Fla. Dist. Ct. App. 1993).  "'[F]inal judgment' is defined as the date on which the appellate process 'is terminated'." U.S. v. Cook, 705 F.2d 350, 351 (9th Cir. 1983).  In this case, the appellate process was terminated as of the appellate court's order dismissing Petitioner's appeal on January 21, 2004.  The decision in Blakely was filed on June 24, 2004.  Because the decision in Blakely was filed five months *after* Petitioner's case became final, the holding in Blakely or any of its progeny does not apply to Petitioner's case.

The second and more compelling reason Petitioner's claim fails is that facts that were used to enhance Petitioner's sentence do not fall within the holdings of Apprendi, Blakely, Ameline, or any of their progeny.  As discussed above, the rule in Apprendi that is the basis of Petitioner's motion requires that facts *other than the fact of a prior conviction* be admitted to or proven to a jury beyond a reasonable doubt.  The enhancing fact that was used in this case has two components.  First, Petitioner was deported in 2000; and, second, before her deportation in 2000 she was convicted of a drug trafficking crime for which she was sentenced to more than 13 months.  Petitioner admitted the first fact in her plea agreement and the second fact is a fact of a prior conviction, which falls outside the rule in Apprendi.  Since these are the only two facts that form the basis of the enhancement of Petitioner's sentence, the rule in Apprendi offers no basis to challenge the sentence imposed.

Because the legal basis of Petitioner's claim for relief is inapplicable in this case, her motion pursuant to section 2255 will be dismissed.

THEREFORE, pursuant to the foregoing discussion, Petitioner's motion to vacate,

1 correct, or set aside her sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED.
2 Petitioner's action is hereby DISMISSED.  The Clerk of the Court shall CLOSE the case.

4 IT IS SO ORDERED.

5 **Dated:      June 25, 2007**                                  **/s/ Anthony W. Ishii**
                                                                                    UNITED STATES DISTRICT JUDGE